IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CORDELL DOBSON, BV-1902, )
    Petitioner, )
     )
    v. ) 2:11-cv-924
     )
BRIAN COLEMAN, et al., )
    Respondents. )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the petition of Cordell Dobson for a writ of habeas corpus be transferred to the United States Court of Appeals for the Third Circuit as a successive petition.

II. Report:

Cordell Dobson has presented a petition for a writ of habeas corpus. Dobson is presently incarcerated as the State Correctional Institution – Fayette serving a life sentence imposed following his conviction, by a jury, of felony murder, robbery, burglary and criminal homicide at Nos. 9104753 and 9105954 in the Court of Common Pleas of Allegheny County, Pennsylvania. That sentence was imposed on April 30, 1992.[1]

However, this is not Dobson's first habeas petition challenging those convictions. In Civil Action 2:00-cv-1406 he also filed a collateral attack. In a Report and Recommendation filed in the latter case on July 25, 2000, it was recommended that the petition be dismissed as time barred. Following the filing of objections on August 21, 2000, the Report and Recommendation was adopted as the opinion of the Opinion of the Court, the petition was dismissed and a certificate of appealability was denied. A timely appeal was filed at Docket No. 00-2978, and on August 13, 2001, the Court of Appeals denied a certificate of appealability on the grounds that the petition was not timely filed.

In a petition executed in July 2011, Dobson returns to this Court and contends he is entitled to relief on the following grounds:

---

[1] See: Petition at ¶¶1-6.

1

1. The petitioner was denied the assistance of competent counsel at all stages of the proceedings.

2. The sentencing court lacked jurisdiction over the prosecution.

3. Counsel was ineffective for failing to object to the imposition of a life sentence as a felony murder.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C. § 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
>
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because it would appear that this Court cannot consider the instant successive petition without leave of the Court of Appeals, it is recommended that the petition be transferred to the United States Court of Appeals for authorization, if any, to proceed with the petition here.

Litigants who seek to challenge this Report and Recommendation must seek review by the district judge by filing objections within fourteen (14) days of this date. Failure to do so will waive the right to appeal.

Filed: September 28, 2011                    Respectfully submitted,
                                             s/ Robert C. Mitchell
                                             United States Magistrate Judge